IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                  No. CIV 2:12-cv-1769-GEB-JFM PS

  vs.

LAN WANG, *et al.*,

      Defendants.         <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se.  Plaintiff seeks to proceed in forma pauperis.  28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-

28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff brings this civil rights action on the ground that defendants violated his Equal Protection rights when they declined to provide plaintiff with copies of two police reports filed by him and in which he was the victim of a crime. Plaintiff names Sondra Hoffman, an unidentified individual, and Lin Wang, Sacramento City Attorney, as defendants. The court has reviewed the complaint and finds no charging allegations as to Hoffman. Plaintiff has also failed to allege that he suffered any harm due to the defendants' allegedly unconstitutional conduct. Regardless, the court finds that there is simply no constitutional violation on these facts. Accordingly, the undersigned finds that plaintiff's complaint fails to state a claim.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

1  complaint be complete in itself without reference to any prior pleading.  This is because, as a
2  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
3  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
4  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
5  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
6          In accordance with the above, IT IS HEREBY ORDERED that:
7          1.  Plaintiff's request to proceed in forma pauperis is granted;
8          2.  Plaintiff's complaint is dismissed; and
9          3.  Plaintiff is granted thirty days from the date of service of this order to file an
10 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
11 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
12 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
13 copies of the amended complaint; failure to file an amended complaint in accordance with this
14 order will result in a recommendation that this action be dismissed.
15 DATED: August 1, 2012.

UNITED STATES MAGISTRATE JUDGE

014;todd1769.ifp-lta

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

    Plaintiff,               No. CIV 2:12-cv-1769-GEB-JFM PS

vs.

LAN WANG, *et al.*,

    Defendants.          NOTICE OF SUBMISSION

_____ /    OF DOCUMENTS

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

    ____ copies of the Amended Complaint

DATED:

                                                             Plaintiff