IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

        Plaintiff,                     No. CIV 2:12-cv-1769-GEB-JFM PS

    vs.

LAN WANG, *et al.*,

        Defendants.             FINDINGS & RECOMMENDATIONS

        Plaintiff is proceeding in this action pro se and in forma pauperis. By order filed August 2, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1  A complaint, or portion thereof, should only be dismissed for failure to state a
2  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3  of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>
4  <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>
5  <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6  complaint under this standard, the court must accept as true the allegations of the complaint in
7  question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
8  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

10  Plaintiff brings this civil rights action on the ground that defendants violated his
11  First Amendment rights when they declined to provide plaintiff with copies of two police reports
12  filed by him and in which he was the victim of a crime.  Plaintiff's previous complaint, which is
13  substantively identical to the amended complaint, was brought pursuant to the Equal Protection
14  Clause; that complaint was dismissed for failure to state a claim.  In the instant amended
15  complaint, plaintiff again names Sondra Hoffman, an unidentified individual, and again fails to
16  set forth any charging allegations as to her.  Accordingly, the court will recommend dismissal as
17  to Sondra Hoffman with prejudice.  Additionally, plaintiff again names Lin Wang, Sacramento
18  City Attorney, as a defendant.  Plaintiff asserts that Lin Wang violated plaintiff's First
19  Amendment rights by refusing to provide plaintiff with copies of the two police reports.  Yet
20  there exists no constitutional right of access to police reports.  <u>See</u> <u>Los Angeles Police Dept. v.</u>
21  <u>United Reporting Pub. Corp.</u>, 528 U.S. 32, 40 (1999) (California could limit access to
22  information in its possession without violating the First Amendment); <u>Copley Press, Inc. v.</u>
23  <u>Superior Court</u>, 29 Cal. 4th 1272 (Cal. 2006) (finding no First Amendment right of access to
24  State administrative records).   Plaintiff's claim essentially amounts to a claim for violating
25  California state law—The California Public Records Act.  <u>See</u> Cal. Gov't. Code § 6250 *et. seq*.
26  That claim is not cognizable here.

1   "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Though leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), "it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." Universal Mortgage Co., Inc. v. Prudential Ins. Co., 799 F.2d 458, 459 (9th Cir. 1986). For the reasons set forth above, the court finds that amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: September 18, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;todd1769.14am